## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

NATHANIEL DOWNING,                  :
                                    :
        Plaintiff,               :
                                    :
    v.                           :     Case No. 5:17-cv-00098
                                    :
PINE KNOLL CONSTRUCTION CO.,        :
                                    :
        and                      :
                                    :
JEFFREY JENKINS,                    :
                                    :
        Defendants.              :
                                    :

## DEFENDANTS' MOTION TO DISQUALIFY

COMES NOW Defendants Pine Knoll Construction Co. ("Pine Knoll") and Jeffrey Jenkins ("Jenkins," collectively "Defendants"), by counsel, and state as follows for their Motion to Disqualify Katherine L. Herrmann ("Ms. Herrmann") and The Erlich Law Firm from representing Plaintiff Nathaniel Downing ("Plaintiff") in this matter. In support of their motion, Defendants state as follows:

1.    This suit is based on an allegation of retaliatory employment practices by Defendants. Plaintiff is represented by The Erlich Law Firm. Filings in this case have been signed by multiple attorneys at the firm, including Ms. Herrmann. A true and accurate copy of "*Plaintiff Nathaniel Downing's Objections and Responses to Defendants' First Set of Interrogatories*" is attached hereto and incorporated herein as **Exhibit A**.

2.    Plaintiff's alleged wife, Tinia Downing ("Ms. Downing"), previously filed an Equal Employment Opportunity Commission ("EEOC") claim against Defendants. She was represented in that claim by The Erlich Law Firm, specifically attorneys Ms. Herrmann and

Benjamin Owen.  This is all stated in the "*Declaration of Katherine L. Hermann*" that was submitted to Defendants through the discovery process.  A true and accurate copy of *Declaration of Katherine L. Herrmann* (Downing 000071-000073) is attached hereto and incorporated herein as **Exhibit B**.

3.    Ms. Downing's EEOC claim went to mediation at the EEOC Field Office in Washington D.C. on July 26, 2016.  Plaintiff attended this mediation as an observer.

4.    Plaintiff was terminated from employment with Pine Knoll Construction by supervisor Gerrod Wright on July 26, 2016 for not appearing at work that day or providing the company with prior notice that he needed the day off.

5.    Plaintiff filed these pending claims stating that he was terminated based on his "engagement in protected activity."  *See Complaint* [ECF 1], ¶ 72.

6.    There are two (2) types of "protected activity" that are contemplated by retaliation claims.  The first is voicing opposition to an employment practice made unlawful by Title VII, while the second is making a charge, testifying, assisting or otherwise participating in an investigation, proceeding or hearing under Title VII.  Glover v. S.C. Law Enforcement Division, 170 F.3d 411, 413 (4th Cir. 1999).

7.    Specifically, Ms. Herrmann's *Declaration* was disclosed in response to a Request for Production of Documents related to Plaintiff's allegation in ¶ 70 of his Complaint where he stated that "[he] engaged in protected activity when he attended the mediation at the EEOC Field Office in Washington DC with Mrs. Downing to assist her with her claim of race discrimination against Pine Knoll."[1]  In Defendants' First Requests for Production No. 14, Defendants asked for "[a]ll documents which support your allegations in Paragraph 70 of the Complaint."  Plaintiff

---

[1] Defendants strongly dispute that mediation for another person could even be a "protected activity."  Defendants submit to the Court that, as a matter of law, such a situation is not a "protected activity".

responded with "[p]lease see attached Declaration from Katherine Herrmann, DOWNING 000071-000073." A true and accurate copy of *Plaintiff Nathaniel Downing's Objections and Responses to Defendants' First Requests for Production*, are attached hereto and incorporated herein as **Exhibit C**. Thus, the only support they offered for the proposition that Plaintiff engaged in "protected activity" at the EEOC hearing was Ms. Herrmann's *Declaration*.

8.    The United States District Court for the Western District of Virginia has adopted Virginia's Rules of Professional Conduct as the "disciplinary rules" of the Court. *See Federal Rules for Disciplinary Enforcement*, entered November 4, 1992; *In re: Local Rule IV(B) Federal Rules of Disciplinary Enforcement Order*, entered November 6, 1998; *In re: Amendment to Rule IV- Standards for Professional Conduct of Federal Rules of Disciplinary Enforcement Order*, entered June 16, 2016. A true and accurate copy of the abovementioned Rules and Amendments are attached hereto and incorporated herein as **Exhibit D**. *See also*, United States v. Fowler, 2016 U.S. Dist. LEXIS 29292 * at 4-8 (W.D. Va. 2016) (analyzing an attorney disqualification issue under existing Fourth Circuit precedent and Va. Rule of Prof'l; Conduct 3.7.).

9.    Based on the adoption by the United States District Court for the Western District of Virginia, applicable Rule 3.7 of the Virginia Rules of Professional Conduct states:

(a) **A lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness** *except* where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) If, after undertaking employment in contemplated or pending litigation, a lawyer

learns or it is obvious that the lawyer may be called as a witness other than on behalf

of the client, the lawyer may continue the representation until it is apparent that the

testimony is or may be prejudicial to the client.

(c) A lawyer may act as advocate in an adversarial proceeding in which another lawyer in

the lawyer's firm is likely to be called as witness unless precluded from doing so by

Rule 1.7 or 1.9 (emphasis added).

10.    The Comments to Rule 3.7 are also illustrative:

> **Combining the roles of advocate and witness can prejudice the
> opposing party and can involve a conflict of interest between the
> lawyer and client.** The *opposing party has proper objection where the
> combination of roles may prejudice that party's rights in the litigation.* A
> witness is required to testify on the basis of personal knowledge, while an
> advocate is expected to explain and comment on evidence given by others.
> It may not be clear whether a statement by an advocate-witness should be
> taken as proof or as an analysis of the proof. . . .  *Whether the opposing
> party is likely to suffer prejudice depends on the nature of the case, the
> importance and probable tenor of the lawyer's testimony, and the
> probability that the lawyer's testimony will conflict with that of other
> witnese.*

U.S. v. Perry, 30 F. Supp 3d 514, 530-31 (E.D. Va. 2014) (*citing* Va. Rule of Prof'l
Conduct 3.7, Comments [1], [2], [4]) (emphasis added).

11.    Prior Fourth Circuit district court decisions have pointed out the required

balancing of rights when considering the disqualification of an attorney.  *See* Perry, 30 F. Supp

532-37 (undertaking a thorough analysis of attorney disqualification in a criminal matter).   As

the Federal District Court for the Eastern District of Virginia stated in Ford Motor Co. v. Nat'l

Indemnify Co., "disqualification must be balanced against 'the fundamental principle that a party

ought to be represented by its counsel of choice if that is at all possible.'"  2013 U.S. Dist.

LEXIS 119030 * at 12, 2013 WL 4498698 (*quoting* Personalized Mass Media Corp. v. Weather

Channel, Inc., 899 F. Supp. 239, 242 (E.D. Va. 1995)).    However, when the Court applied the standard for disqualification to the Ford case, it found that it must disqualify Ford's counsel. Ford, 2013 U.S. Dist. LEXIS 119030 * at 12-13.

12.    The counterbalance to Personalized Mass Media's fundamental principle is that "the *right of one to retain counsel of his choosing is **secondary in importance to the Court's duty to maintain the highest ethical standards of professional conduct** to insure and preserve trust in the integrity of the bar*." Sanford v. Virginia, 687 F. Supp 2d 591, 602 (E.D. Va. 2009) (*quoting* Tessier v. Plastic Surgeries Specialists, Inc., 731 F. Supp. 724, 729 (E.D. Va. 1990) (citations omitted) (emphasis added)).    Further, "[t]here must be a *balance between the client's free choice of counsel* and the **maintenance of the highest and ethical and professional standards in the legal community**." *Id* (emphasis added).    Finally, the burden is on the party seeking the disqualification to meet the "high standard of proof to show that disqualification is warranted." *Id.*

13.    In this case, Defendants meet the burden to show that disqualification is warranted under Rule 3.7(a) or (b).    First, based on her *Declaration*, Ms. Herrmann has abandoned her role as advocate and interjected herself as a fact witness in this case.    Her potential testimony, with its direct relation to whether Plaintiff's attendance at Ms. Downing's mediation was "protected activity", makes her a key witness in Plaintiff's case and is sure to be hotly contested.    Additionally, her statement is not about legal services rendered, and there is currently no evidence before the Court that disqualifying her as counsel would create "substantial hardship" for Plaintiff.    Thus, the elements for disqualification under Rule 3.7(a) are met.

14.    Further, when analyzing the matter under Rule 3.7(b), because Ms. Herrmann states in her *Declaration* at ¶ 19 that she "does not recall if . . . Mr. Downing personally responded to any of the questions asked by the mediator[,]" she is a witness whose testimony "may be prejudicial to the client." Va. Rule of Prof'l Conduct 3.7(b). Her testimony has the potential to undercut the claim that Plaintiff was engaging in alleged "protected activity" at Ms. Downing's mediation.[2] Thus, the requirements for Rule 3.7(b) attorney disqualification are also met.

15.    While subsection c of Rule 3.7, allows a law firm to remain in the case, even if a member of that firm may be called as a witness, this is not your standard, run-of-the-mill Rule 3.7 case. Rather, it is a case where an attorney took an affirmative position in a discovery filing that now puts the other attorneys in her firm as well as opposing counsel in, what has been called in other circumstances, an intractable dilemma. Both sides must now evaluate her expected testimony and make determinations that they would ordinarily be loath to make, such as whether depositions of opposing counsel are warranted.

16.    Moreover, as a Virginia Circuit Court judge stated in a 2010 case, "... with a **view of preventing the appearance of impropriety**, [the Court] is to resolve all doubts in favor of disqualification." Wright v. Kincheloe, 81 Va. Cir. 277, 280 (Fairfax Cir. Ct. 2010) (*quoting* United States v. Clarkson, 567 F.2d 270, 273 n.3 (4th Cir. 1977) (emphasis added)). In this case, Ms. Herrmann not only is one of the attorneys representing Plaintiff but she has now put forth a *Declaration* comprising the sole factual support for his allegation of engaging in "protected activity.' *See* Complaint ¶ 70; *see also* Exhibit C, Response to Request No. 14. The Complaint and discovery responses are wholly devoid of facts to support said allegation except

---

[2] To reiterate footnote 1, Defendants maintain that, as a matter of law, attendance at another individual's mediation is not a protected activity.

for the *Declaration*.  A true and accurate copy of *Plaintiff's National Downing's Objections to Defendant's First Requests for Admission* are attached hereto and incorporated herein as **Exhibit E**.  *See also*, Exhibits A and C.

17.     It is within the discretion of the Court to address the propriety of whether or not to disqualify an attorney.  To avoid an appearance of impropriety here, Ms. Herrmann and The Erlich Law Firm should be disqualified from the case given that such appearances would necessarily result from representing a client by having a member of the representative firm assert herself into the case by putting forth a *Declaration* regarding, what is to the Defendant, a key factual assertion in their case.

WHEREFORE, Defendants Pine Knoll Construction Company and Jeffrey Jenkins respectfully request this Honorable Court disqualify attorney Katherine L. Herrmann and The Erlich Firm from this case and provide such other relief as this Honorable Court deems appropriate.

Respectfully submitted,
PINE KNOLL CONSTRUCTION CO.
JEFFREY JENKINS
By Counsel

/s/ Thomas Moore Lawson
Thomas Moore Lawson, Esquire
Virginia Bar No. 28332
Lawson and Silek, P.L.C.
P.O. Box 2740
Winchester, VA 22604
Phone: (540) 665-0050
Fax:     (540) 722-4051
Email: tlawson@lsplc.com

Counsel for Defendants Pine Knoll Construction Co. and Jeffrey Jenkins

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of May, 2018, a true and accurate copy of the

foregoing Defendants' Motion to Disqualify was electronically filed with the Clerk of the Court

using the CM/ECF system, which will send notification of such filing to the following:

Joshua Erlich, Esquire
Davia Craumer, Esquire
The Erich Law Office, PLLC
2111 Wilson Boulevard, Suite 700
Arlington, VA 22201

Counsel for Plaintiff Nathaniel Downing


/s/ Thomas Moore Lawson
Thomas Moore Lawson, Esquire