# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Harrisonburg Division

|  |  |
|---|---|
| NATHANIEL DOWNING, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:17-cv-00098 |
| PINE KNOLL CONSTRUCTION CO., | ) |
| and | ) |
| JEFFREY JENKINS, | ) |
| Defendants. | ) |

## PLAINTIFF NATHANIEL DOWNING'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Nathaniel Downing ("Plaintiff" or "Mr. Downing"), by and through his attorneys, responses to Defendants' First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. **Attorney-Client Privilege.** Plaintiff objects to each of Defendants' interrogatories on the basis of the attorney-client privilege to the extent that the Defendants' seek disclosure of information or documents constituting, evidencing, or reflecting confidential communications between Plaintiff and his attorney or information that is otherwise protected by the attorney-client privilege.

2. **Work-Product Doctrine.** Plaintiff objects to each of Defendants' interrogatories on the basis of the work-product doctrine to the extent that Defendants seek disclosure of information or documents prepared in anticipation of litigation or for trial by Plaintiff or for

1



EXHIBIT A

RECEIVED APR 17 2018

Plaintiff, or the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorney or other representatives, or information that is otherwise protected by the work-product doctrine.

 3. Plaintiff reserves the right to object to the admissibility in evidence of all or any part of the responses herein.

 4. These responses are based on information currently possessed by Plaintiff. Plaintiff reserves the right to supplement, amend, or correct all or any part of the responses and objections herein.

## OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1.** Identify each Person answering or otherwise supplying information for the Answers to these Interrogatories and your responses to Pine Knoll's First Request for Production of Documents to Plaintiff propounded herewith, and identify the Person's full name, occupation, title, business, address, telephone number, age, and the Person's role, title, and employment/agency relationship to Pine Knoll, if any.

**OBJECTION:**

**RESPONSE:** Nathaniel Downing, Plaintiff.


**INTERROGATORY NO. 2.** Identify each Person, including a daytime telephone number and physical address where he or she may be served with a subpoena, you believe to have any knowledge relating to any of the facts, claims, causes of action, or allegations in your Complaint, the Answers to these Interrogatories and/or the Responses to Pine Knoll's First Requests for Admissions propounded herewith. In your response, describe in detail the knowledge each Person has, and why you believe that Person has such knowledge.

2

**OBJECTION:**

**RESPONSE:** Please see Plaintiff's Rule 26 Initial Disclosures. Plaintiff is not aware of any individuals not identified in his disclosures with knowledge related to the facts, claims, causes of action and/or allegations in Plaintiff's Complaint, Responses to Interrogatories and/or Responses to Requests for Admission.

**INTERROGATORY NO. 3.** Identify each Person you expect to call as an expert witness at the trial of this action and state the following information with respect to each such Person:

    a. The name, occupation, title, and address of the witness;

    b. The subjects on which the witness is to be qualified as an expert;

    c. The subject matter on which the witness is expected to testify; and

    d. The substance of the facts and opinion to which the witness is expected to testify and a summary of the grounds of each opinion.

**OBJECTION:**

**RESPONSE:** Plaintiff does not intend to call an expert witness at the trial of this action.

**INTERROGATORY NO. 4.** Identify and describe in detail each and every document and other tangible thing that supports the allegation contained in the Complaint filed by you in this matter including, but not limited to, emails, text messages, contracts, performance evaluations, cards, journal entries, log entries, text messages, phone records, photographs and voicemails.

3

**OBJECTION:** Plaintiff objects to this request as the phrase "the allegation contained in the Complaint" is vague and ambiguous and Plaintiff is unable to determine with any specificity the information sought by Defendants through this request.

**RESPONSE:** Without waiving his objection, Plaintiff states: Please see Plaintiff's Rule 26 Initial Disclosures. In addition to the documents identified in his disclosures, Plaintiff also has medical documentation supporting his need to be absent from work at Pine Knoll on certain dates.

**INTERROGATORY NO. 5.** Identify all conversations you have had with any Person, other than counsel, regarding your employment with Pine Knoll since the date or your termination from such employment.

**OBJECTION:** Plaintiff objects to this request as overly broad and unduly burdensome as the request seeks all conversations Plaintiff had with any individual that in any way regards his employment at Pine Knoll. As a result, this request is not narrowly tailored to lead to the discovery of admissible evidence relevant to this matter.

**RESPONSE:** Without waiving his objection, Plaintiff states he ran into a former co-worker at Pine Knoll, Ralph Robinson, at his bank in or around March 2018. Plaintiff and Robinson discussed their employment at Pine Knoll.

**INTERROGATORY NO. 6.** Please state whether you have ever been charged with a felony, misdemeanor or crime of moral turpitude and, if so, describe in detail the charges and outcome of each said charge.

4

**OBJECTION:** Plaintiff objects to this request to the extent it is overly broad and unduly burdensome, as it seeks information regarding felony and misdemeanor charges and charges of crimes of moral turpitude that are inadmissible for any purpose as evidence in this matter. The term "crime of moral turpitude" refers to a category of offenses broader than those admissible under Federal Rule of Evidence 609.

Under Federal Rule of Evidence 404 and 609, Plaintiff's prior convictions are admissible for the limited purpose of addressing the truthfulness of Plaintiff's character. Evidence of criminal charges that did not result in a conviction are not admissible. Admissible evidence is limited to (1) felony convictions occurring within the past ten (10) years; and (2) convictions of any crime for which a conviction required proof or admission of a dishonest act or false statement as an element of the offense.

**RESPONSE:** Without waiving his objection, Plaintiff states that he has not been convicted of a felony offense within the past ten (10) years and has not been convicted of any misdemeanor or felony offense at any time for which a conviction required proof or admission of a dishonest act or false statement as an element of the offense.

**INTERROGATORY NO. 7.** Identify and describe in detail the factual basis for each of your allegations in the Complaint.

**OBJECTION:** Plaintiff objects to this request as the phrase "each of your allegations in the Complaint" is vague and ambiguous and Plaintiff is unable to determine the specific information sought by Defendants through this request.

**RESPONSE:** Without waiving his objection, Plaintiff states: Please see Complaint.

**INTERROGATORY NO. 8.** For the time period beginning December 1, 2015 and ending July 26, 2016, describe in detail each date in said time period where you were scheduled to work at Pine Knoll but did not report to work and include the reason for said absence, rather you gave notice of the same to Pine Knoll and the amount of time missed on each said date.

**OBJECTION:** Plaintiff objects to this request to the extent it seeks information already within the possession, custody, and/or control of Defendants, and therefore the burden of the request outweighs its benefit.

**RESPONSE:** Plaintiff stands on his objection.

**INTERROGATORY NO. 9.** During the course of your employment with Pine Knoll, describe in detail each employer sponsored social event that occurred, including the date, time, location, nature of the event, organizer of said event, whether you were invited to attend said event, whether you attended said event and your factual basis for alleging that you were no longer invited to said social events as a direct result of Tinia Downing's filing of an EEOC claim against Pine Knoll.

**OBJECTION:** . Plaintiff objects to this request to the extent it seeks information already within the possession, custody, and/or control of Defendants, and therefore the burden of the request outweighs its benefit.

**RESPONSE:** Plaintiff stands on his objection.

**INTERROGATORY NO. 10.** With respect to any demand for monetary damages in the Complaint, state (a) each element of monetary damages claimed; (b) the amount of each

6

element of monetary damages claimed; (c) a complete explanation of the calculation method, amount or value of each element of monetary damages; and (d) identify all documents supporting said damages claims.

**OBJECTION:**

**RESPONSE:** Plaintiff seeks to recover past and future pecuniary damages, including lost wages, pre- and post-judgment interest, punitive damages, and attorneys' fees. Plaintiff seeks the following monetary damages, using the categories laid out in Interrogatory No. 10:

**1(a). Back-Pay**

(b) $12,193.49

(c) During the thirty-six pay periods (36) between August 2015 until April 28, 2016, Plaintiff worked an average of 43.5 hours per week, and was assigned duties by Pine Knoll at varying rates of pay, ranging from $12.50 per hour to $20.64 per hour. On average, Plaintiff was paid $15.07 per hour during this time and made approximately $656.79 on average per week.

From approximately April 28, 2016 until the end of Plaintiff's employment at Pine Knoll, Plaintiff's assigned duties were comprised almost entirely of the type for which he received the lowest hourly rate of pay ($12.50/hour). Plaintiff worked an average of thirty-one (31) hours per work during this time and made an average of $12.91 per hour or approximately $406.54 per week.

Had Plaintiff's pay and hours remained consistent after the filing of his wife's EEOC charge, Plaintiff would have made an additional $3,253.25 during the last thirteen (13) weeks of his employment at Pine Knoll.

7

Plaintiff remained unemployed for approximately eight (8) weeks following his termination from employment by Pine Knoll. Had Plaintiff continued to be paid consistent with the pay he received prior to the filing of his wife's EEOC charge, Plaintiff would have made an additional $5,254.32 during this time.

Plaintiff began his employment at Perry Engineering ("Perry") in October 2016. Plaintiff worked forty (40) hours per week at Perry and was paid $14.50 per hour, making $580.00 in gross pay per week. Plaintiff worked at Perry for approximately forty-eight (48) weeks making approximately $76.79 less per week than he did at Pine Knoll prior to the filing of his wife's charge. Had Plaintiff continued to remain employed at Pine Knoll, he would have made an additional $3,685.92 during this time.

**(d)** Plaintiff's calculations were made using Plaintiff's pay stubs throughout the duration of his employment at Pine Knoll. *See* PK000050 – PK000098. The Payroll Summary (PK000242 – PK000277) and Timesheet documents (PK00001 – PK000049) provided by Defendants also support this valuation of damages.

In addition to the above, Plaintiff seeks attorneys' fees in an amount to be proven at the time a fee petition is filed, punitive damages in an amount to be determined by a jury, and pre- and post-judgment interest in an amount to be determined by statute.

**INTERROGATORY NO. 11.** Describe with particularity any steps you have taken to mitigate your alleged damages you are claiming as a result of the allegations set forth in the Complaint. To the extent you have not taken steps to mitigate your damages, describe with particularity the reasons for your inaction. To the extent you plan to or are contemplating taking

8

future steps to mitigate damages, describe with particularity those future places and state why you have not already undertaken those steps or otherwise acted on these plans.

**OBJECTION:**

**RESPONSE:** Plaintiff has sought employment following his termination from Pine Knoll. Plaintiff was hired as a Pipe Layer by Perry Engineering in October 2016 and worked for Perry Engineering until September 2017. Plaintiff did not continue to work after September 2017 for health-related reasons.

**INTERROGATORY NO. 12.** Identify and describe in detail any and all claims you have filed or asserted against any party to include but not limited to court filings, EEOC filings and/or demands to any employer.

**OBJECTION:**

**RESPONSE:** Other than the claim of retaliation giving rise to this action, Plaintiff has not filed any claims against any of his former employers.

**INTERROGATORY NO. 13.** Identify each Person you may call or whose testimony you may offer as a fact or lay witness in connection with this Complaint. For each Person, also provide a detailed summary of the facts, matters, or opinions about which each witness may testify.

**OBJECTION:**

**RESPONSE:** Please see Plaintiff's Rule 26 Initial Disclosures. Plaintiff is not aware of any individuals not identified in his disclosures with knowledge related to the facts, claims, causes of action and/or allegations in Plaintiff's Complaint.

**INTERROGATORY NO 14.** Identify, including a telephone number and an address where a subpoena can be served, each of your previous employers for the past five years. In your answer for each said employer, state the dates you were employed and your job title.

**OBJECTION:**

**RESPONSE:** Plaintiff's employers over the past five years include:

| Employer | Telephone # | Address | Approx. Dates of Employment | Title |
| --- | --- | --- | --- | --- |
| RR Donnelley | (304) 757-6673 | 101 Carriage Way # 307, Hurricane, WV 25526 | Aug. 2014 – July 2015 | Material handler |
| Pine Knoll | | | Aug. 2015 – July 2016 | Laborer |
| Perry Engineering | (540) 667-4310 | 1945 Millwood Pike, Winchester, VA 22602 | Oct. 2016 – Sept. 2017 | Pipe Layer |

Dated: April 12, 2018

Joshua Erlich, VA Bar No. 81298
Davia Craumer, VA Bar No. 87426
Katherine L. Herrmann, VA Bar No. 83203
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
Tel:   (703) 791-9087
Fax:  (703) 722-8114
Email: jerlich@erlichlawoffice.com
       dcraumer@erlichlawoffice.com
       kherrmann@erlichlawoffice.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 12, 2018, I sent the foregoing via U.S. mail to the following:

Thomas Moore Lawson, Esquire
Virginia Bar No. 28332
Lawson and Silek, P.L.C.
P.O. Box 2740
Winchester, VA 22604
tlawson@lsplc.com

*Counsel for Defendants*

Katherine L. Herrmann
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: kherrmann@erlichlawoffice.com

*Counsel for Plaintiff*