## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

|  |  |  |
|---|---|---|
| NATHANIEL DOWNING, | ) | |
| Plaintiff, | ) | |
| v. | ) | **Case No. 5:17-cv-00098** |
| PINE KNOLL CONSTRUCTION CO., | ) | |
| and | ) | |
| JEFFREY JENKINS, | ) | |
| Defendants. | ) | |

## DECLARATION OF KATHERINE L. HERRMANN

I, Katherine L. Herrmann, declare as follows:

1.　My name is Katherine L. Herrmann.

2.　I am an Associate Attorney at The Erlich Law Office, PLLC, a licensed Virginia attorney and counsel for Nathaniel Downing ("Mr. Downing"), Plaintiff in the above-captioned matter.

3.　I previously represented Tinia Downing ("Mrs. Downing"), Mr. Downing's wife, in her claims of discrimination based on race in violation of Title VII against Pine Knoll Construction Company ("Pine Knoll"), a defendant in the above-captioned matter.

4.　In the course of the representation of Mrs. Downing, I, and another attorney at The Erlich Law Office, PLLC, Benjamin Owen ("Mr. Owen," or collectively "counsel for Mrs. Downing") attended a mediation based on Mrs. Downing's claims at the Equal Employment Opportunity Commission's ("EEOC") Field Office in Washington, D.C.

1

EXHIBIT
ALL-STATE LEGAL®
B

DOWNING 000071

5.    In preparation, counsel for Mrs. Downing requested she bring any documents not already in our possession along with her to the mediation.

6.    Mr. Owen and I planned to meet with Mr. and Mrs. Downing at a coffee shop located next to the EEOC Field Office in Washington, D.C. at 8:30am the following day, July 26, 2016, prior to the start of the mediation scheduled for 9:00am on that date.

7.    On the morning of July 26, 2016, I arrived at the coffee shop at approximately 8:30am, roughly ten minutes prior to the arrival of Mr. Owen.

8.    Prior to this occasion, I had never met Mr. and Mrs. Downing in person.

9.    Mr. Downing had brought a large envelope or folder containing documents, which allowed me to identify Mr. and Mrs. Downing in the crowded coffee shop without the aid of Mr. Owen.

10.    I introduced myself to Mr. and Mrs. Downing and, upon the arrival of Mr. Owen, addressed Mr. and Mrs. Downing's questions and concerns about the upcoming mediation.

11.    Mr. Downing, Mrs. Downing, Mr. Owen and I walked over to the EEOC building together and were brought to the mediation room.

12.    Present in the room at the start of the mediation was: Ken, the mediator; an EEOC intern whose name I do not recall; Mr. Downing; Mrs. Downing; Mr. Jenkins; Mrs. Jenkins; Mr. Lawson, counsel for Pine Knoll; Mr. Owen; and myself.

13.    Mr. Downing, viewing my notebook, requested a blank piece of paper and a pen from me so that he may take notes.

14.    Mr. and Mrs. Jenkins left the room along with Mr. Lawson.

15.    Ken traveled back and forth between the two rooms, discussing Mrs. Downing's claims and the prospect of settlement with one party at a time.

2

DOWNING 000072

16.    During a stretch of time when Ken was absent from the room, Mr. Owen and I spoke

to Mr. and Mrs. Downing and reviewed several of the documents Mr. Downing had brought.

17.    Throughout the mediation, Mr. Owen and I were the primary individuals who

responded to the questions asked by the mediator.

18.    Mr. Owen and I responded to these questions using information provided to us by

both Mr. and Mrs. Downing.

19.    I do not recall if either Mr. Downing or Mrs. Downing personally responded to any of

the questions asked by the mediator.

20.    Mrs. Downing, Mr. Downing, Mr. Owen and I left the mediation between

approximately 12:00pm and 1:00pm.

21.    I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.


Executed on this 12TH day of April, 2018.

Katherine L. Herrmann

3

DOWNING 000073