## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

### FEDERAL RULES OF DISCIPLINARY ENFORCEMENT

The United States District Court for the Western District of Virginia, in furtherance of its inherent power and responsibility to supervise the conduct of attorneys who are admitted to practice before it, or admitted for the purpose of a particular proceeding (pro hac vice), promulgates the following Rules of Disciplinary Enforcement superseding all of its other rules pertaining to disciplinary enforcement heretofore promulgated.

### Rule I

#### Attorneys Convicted of Crimes

A. Upon filing with this court of a certified copy of a judgment of conviction demonstrating that any attorney admitted to practice before the court has been convicted in any Court of the United States, or the District of Columbia, or of any state, territory, commonwealth or possession of the United States of a serious crime as hereinafter defined, the Court shall enter an order immediately suspending that attorney, whether the conviction resulted from a plea of guilty, or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of any appeal, until final disposition or a disciplinary proceeding to be commenced upon such conviction. A copy of such order shall immediately be served upon the attorney. Upon good cause shown, the Court may set aside such order when it appears in the interest of justice to do so.

B. The term "serious crime" shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime is the jurisdiction where the judgment was entered, involves false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or any attempt or a conspiracy of solicitation of another to commit a "serious crime."

C. A certified copy of a judgment of conviction of an attorney for any crime shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against that attorney based upon the conviction.

D. Upon the filing of a certified copy of a judgment of



conviction of any attorney for a serious crime, the Court shall in addition to suspending that attorney in accordance with the provisions of this Rule, also refer the matter to counsel for the institution of a disciplinary proceeding before the Court in which the sole issue to be determined shall be the extent of final discipline to be imposed as a result of the conduct resulting in the conviction, provided that a disciplinary proceeding so instituted will not be brought to final hearing until all appeals from the conviction are concluded.

E. Upon the filing of a certified copy of a judgment of conviction of an attorney for a crime not constituting a "serious crime", the court may refer the matter to counsel for whatever action counsel may deem warranted, including the institution of a disciplinary proceeding before the court provided however, that the court may in its discretion make no reference with respect to convictions for minor offenses.

F. An attorney suspended under the provisions of this Rule will be reinstated immediately upon the filing of a certificate demonstrating that the underlying conviction of a serious crime has been reversed but the reinstatement will not terminate any disciplinary proceeding then pending against the attorney, the disposition of which shall be determined by the Court on the basis of all available evidence pertaining to both guilt and the extent of discipline to be imposed.

G. No attorney, regardless of his ability to practice in the state courts, will be permitted to practice in this Court while that attorney is on federal probation or parole.

## Rule II

### Discipline Imposed by Other Courts

A. Any attorney admitted to practice before this Court shall, upon being subjected to public discipline by any other Court of the United States or the District of Columbia, or by a court of any state, territory, commonwealth or possession of the United States, promptly inform the Clerk of Court of such action.

B. Upon the filing of a certified or exemplified copy of a judgment or order demonstrating that any attorney admitted to practice before this Court has been disciplined by another court, this Court shall forthwith issue a notice directed to the attorney containing:

1. a copy of the judgment or order from the court; and

2. an order to show cause directing the attorney inform this Court within 30 days after service of that order upon the attorney, personally or by mail, of any claim by the attorney predicated on the grounds set forth in (D) hereof that the imposition of the identical discipline by the Court would be unwarranted and the reasons therefor.

C. In the event that discipline imposed in the other jurisdiction has been stayed there, any reciprocal discipline imposed by this Court shall be deferred until the stay expires.

D. Upon the expiration of 30 days from the service of the notice

issued pursuant to the provision of (B) above, this Court shall impose the identical discipline unless the respondent/attorney demonstrates, or this Court finds, that upon which the discipline in another jurisdiction is predicated it clearly appears:

1. that the procedure was so lacking in notice of opportunity to be heard as to constitute a deprivation of due process; or

2. that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty accept as final the conclusion on that subject; or

3. that the imposition of the same discipline by this Court would result in grave injustice; or

4. that the misconduct established is deemed by this Court to warrant substantially different discipline.

When this Court determines that any of the said elements exist, it shall enter such other order as it deems appropriate.

E. In all other respects a final adjudication in another court that an attorney has been guilty of misconduct shall establish conclusively that misconduct for purposes of a disciplinary proceeding in the Court of the United States.

## RULE III

Disbarment on Consent or Resignation in Other Courts

A. Any attorney admitted to practice before this Court who shall be disbarred on consent or resign from the bar of any other Court of the United States or the District of Columbia, or from the bar of any state, territory, commonwealth or possession of the United States while an investigation into the allegations of misconduct is pending, shall, upon the filing with this Court of a certified or exemplified copy of the judgment or order accepting such disbarment on consent or resignation, cease to be permitted to practice before this Court.

B. Any attorney admitted to practice before this Court shall, upon being disbarred on consent or resigning from the bar of any other Court of the United States or the District of Columbia, or from the bar of any state, territory, commonwealth or possession of the United States while an investigation into the allegations of misconduct is pending, promptly inform the Clerk of this Court of such disbarment on consent or resignation.

Standards for Professional Conduct

A. For misconduct defined in these rules, and for good cause shown, and after notice and opportunity to be heard, any attorney admitted to practice before this Court may be disbarred, suspended from practice before this Court, reprimanded or subjected to such other disciplinary actions as the circumstances may warrant.

B. Act or omissions by an attorney admitted to practice before this Court, individually or in concert with another person or persons, which violate the Code of Professional Responsibility or Rules of Professional Conduct adopted by this Court shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney--client relationship. The Code of Professional Responsibility or Rules of Professional Conduct adopted by the highest court of the state in which this Court sits, as amended from time to time by that state court, except as otherwise provided by specific Rule of this Court after

specific consideration of comments by representatives of bar associations within the state.

**RULE V**

<u>Disciplinary Proceedings</u>

A. When misconduct or allegations of misconduct which if substantiated, would warrant discipline on the part of an attorney admitted to practice before this court shall come to the attention of a Judge of this Court, whether by complaint or otherwise, and the applicable procedure, is not otherwise mandated by these rules, the judge shall refer the matter to counsel for investigation and the prosecution of a formal disciplinary proceeding or the formulation of other such recommendation as may be appropriate.

B. Should counsel conclude after investigation and review that a formal disciplinary proceeding should not be initiated against the respondent/attorney because sufficient evidence is not present, or because there is pending another proceeding against the respondent/attorney, the disposition of which in the judgment of counsel should be awaited before further action by this Court be considered for any other valid reason, counsel shall file with the court a recommendation for disposition of the matter, whether by dismissal, admonition, deferral, or otherwise setting forth the reasons therefor.

C. To initiate formal disciplinary proceedings, counsel shall obtain an order of this Court upon a showing of probable cause requiring the respondent/attorney to show cause within 30 days after service of that order upon the attorney, whether personally or by mail, why the attorney should not be disciplined. The order to show cause shall include the form certification of all courts before which the respondent/attorney is admitted to practice as specified in form appended to these Rules.

D. Upon the respondent/attorneys answer to the order to show cause, if any issue of fact is raised or the respondent/attorney wishes to be heard in mitigation this court shall set the matter for prompt hearing before one or more of the judges of this Court, provided however, that if the disciplinary proceeding is predicated on the complaint of a Judge of this Court, the hearing shall be conducted before a panel of three judges of this Court appointed by the chief

judge, or if there are less than three judges eligible to serve or the chief judge is the complainant, by the Chief

Judge of the Court of Appeals for this Circuit. The respondent/attorney shall execute the certification of all courts before which the respondent/attorney is admitted to practice, in the form specified, and file the certification with his or her answer.

### **Rule VI**

Disbarment on Consent while under Disciplinary

Investigation or Prosecution

A. Any attorney admitted to practice before this Court who is the subject of an investigation into or a pending proceeding involving allegations or misconduct may consent to disbarment, but only by delivering to this court an affidavit stating that the attorney desires to consent to disbarment and that:

1. the attorneys consent is freely and voluntarily rendered; the attorney is not being subjected to coercion, or duress; the attorney is fully aware of the implications of so consenting;

2. the attorney is aware that there is a presently pending investigation or proceeding involving allegations that there exists grounds for, the attorneys discipline the nature of which the attorney shall specifically set forth;

3. the attorney acknowledges that the material facts so alleged are true; and

4. the attorney so consents because the attorney knows that if charges were predicated upon the matters under investigation, or if the proceeding were prosecuted, the attorney could not successfully defend himself.

B. Upon receipt of the required affidavit, this Court shall enter an Order barring the attorney.

C. The order disbarring the attorney on consent shall be a matter of public record. However, the affidavit required under the provisions of this Rule shall not be publicly disclosed or made available for use in any other proceeding except upon order of this Court.

Reinstatement

A. AFTER DISBARMENT OR SUSPENSION. An attorney suspended for three months or less shall be automatically reinstated at the end of the period of suspension upon the filing with the Court of an affidavit- of compliance with the provisions of the order. An attorney suspended for more than three months or disbarred may not resume practice until reinstated by order of this Court, except as provided in Rule XI(H).

B. TIME OF APPLICATION FOLLOWING DISBARMENT. A person who has been disbarred after hearing or by consent may not apply for reinstatement until the expiration of at least five years from the effective date of disbarment.

C. HEARING ON APPLICATION. Petitions for reinstatement by a disbarred or suspended attorney under this Rule shall be filed with the Chief Judge of this Court. Upon receipt of this petition, the Chief Judge shall promptly refer the petition to counsel and assign the matter for prompt hearing before one or more judges of this Court, provided however that if the disciplinary proceeding was predicated on the complaint of a judge of this Court, or if there are less than three judges eligible to serve or the Chief Judge was the complainant, by the Chief Judge for the Court of Appeals for this Circuit. The Judge or Judges assigned to this matter shall within thirty days after referral schedule a hearing at which the petitioner shall have the burden of demonstrating by clear and convincing evidence that he has the moral qualifications, competency and learning in the law required f or admission to practice law before this court and that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice, or subversive of the public interest.

D. DUTY OF COUNSEL. In all proceedings upon a petition for reinstatement, cross examination of witnesses of the respondent/attorney and the submission of evidence, if any, in opposition to the petition shall be conducted by counsel.

E. DEPOSIT FOR COSTS OF PROCEEDING. Petitions for reinstatement under this Rule shall be accompanied by an advance cost deposit in an amount to be set from time to time by the Court to cover anticipated costs of the reinstatement proceedings.

F. CONDITIONS OF REINSTATEMENT. If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him, provided that the judgment may make reinstatement conditional upon the

payment of all or part of the costs of the proceedings and upon the making of a partial or complete restitution to the

parties harmed by petitioner whose conduct led to the suspension or disbarment. Provided further, that if the petitioner has been suspended or disbarred for five years or more, reinstatement may be conditioned, in the discretion of the Judge of Judges before whom the matter is heard, upon the furnishing of proof of competency and learning in the law, which proof may include certification by the bar examiners of a state or other jurisdiction of the attorneys successful completion of an examination for admission to practice subsequent to the date of suspension or disbarment.

G. SUCCESSIVE PETITIONS. No petition for reinstatement under this Rule shall be filed within one year following an adverse judgment upon a petition for reinstatement filed by or on behalf of the same person.

## Rule VIII

### Attorneys Specially Admitted

Whenever an attorney applies to be admitted or is admitted to this Court for purposes of a particular proceeding (pro hac vice), the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon this Court for any alleged misconduct of that attorney arising in the course of or in the preparation for such proceeding.

## Rule IX

### Service of Papers and Other Notices

Service of an order to show cause instituting a formal disciplinary proceeding shall be made by personal service or registered or certified mail addressed to the respondent/attorney at the address shown in the most recent registration filed pursuant to Rule XI(F) hereof. Service of any other papers or notices required by these rules shall be deemed to have been made if such paper or notice is addressed to the respondent/attorney at the address shown on the most recent registration statement filed pursuant to Rule XI(F) hereof; or to counsel or respondents attorney at the address indicated in the most recent pleading or other document filed by them in the course of any proceeding.

## Rule X

Appointment of Counsel

Whenever counsel is to be appointed pursuant to these rules to investigate allegation of misconduct or to prosecute disciplinary proceedings or in conjunction with a reinstatement petition filed by a disciplined attorney, this Court shall appoint as counsel the disciplinary agency of the highest court of the Commonwealth of Virginia wherein the Court sits or the attorney maintains his principal office in the case of the courts of appeal, or other disciplinary agency having jurisdiction. If no such disciplinary agency exists, or such

disciplinary agency declines appointment or such appointment is clearly inappropriate, this Court shall appoint as counsel one or more members of the bar of this Court to investigate allegations of misconduct or to prosecute disciplinary proceedings under these rules, provided however that the respondent attorney may move to disqualify an attorney so appointed who is or has been engaged as an adversary of the respondent/attorney in any matter. Counsel, once appointed, may not resign unless permission to do so is given by the Court.

## Rule XI

Periodic Assessment of Attorneys: Registration Statements

Note--Each court shall make such provisions as it deems advisable for the assessment and registration of attorneys. Any fees collected should be maintained in a separate fund held by the Clerk of Court, as trustee, for the payment, pursuant to Rule XII, of expenditures incurred, and not on behalf of the United States.

## Rule XII

payment of Fees and Costs

Note--Each court may make such provision as it deems advisable for the payment of fees and costs incurred in the course of disciplinary investigation or prosecution.

## Rule XIII

Duties of the Clerk

A. Upon being informed that an attorney admitted to practice before this Court has been convicted of any crime, the Clerk

of this Court shall determine whether the Clerk of the Court in which such conviction occurred has forwarded a certificate of such conviction to this Court. If a certificate has not been so forwarded, the Clerk of this Court shall promptly obtain a certificate and file it with this Court.

B. Upon being informed that an attorney admitted to practice before this Court has been subjected to discipline by another court, the Clerk of Court shall determine whether a certified or exemplified copy of the disciplinary judgment or order has been filed with this Court, and if not, the Clerk shall promptly obtain a certified or exemplified copy of the disciplinary judgment or order and file it with this Court.

C. Whenever it appears that any person convicted of any crime or disbarred or suspended or censured or disbarred on consent by this Court is admitted to practice law in any other jurisdiction or before any other court, the Clerk of this Court shall within ten days of that conviction, disbarment, suspension, censure or disbarment on consent, transmit to the disciplinary authority in such other jurisdiction or for such other court, a certificate of the conviction or a certified exemplified copy of the judgment or order of disbarment, suspension, censure or disbarment on consent, as well as the last known office and residence addresses of the defendant or respondent.

D. The Clerk of Court shall likewise promptly notify the National Discipline Data Bank operated by the American Bar Association of any order imposing public discipline upon any attorney admitted to practice before this Court.

## Rule XIV

### Jurisdiction

Nothing contained in these Rules shall be construed to deny to this Court such powers as are necessary for the Court to maintain control over proceedings conducted before it such as proceedings for contempt under Title 18 of the United States Code or under Rule 42 of the Federal Rules of Criminal Procedure.

## Rule XV

### Effective Date

These rules as revised, shall become effective on November 4, 1992 provided that any formal disciplinary proceeding pending

before this Court shall be concluded under the procedure existing prior to the effective date of these rules.

ENTERED FOR THE COURT: 4th

/s/ James C. Turk

CHIEF UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

### IN RE: LOCAL RULE IV(B) FEDERAL RULES OF DISCIPLINARY ENFORCEMENT

### ORDER

Local Rule IV(B) of the United States District Court for the Western District of Virginia is amended to read as follows:

(1) Acts or omissions by an attorney admitted to practice before this Court, individually or in concert with another person or persons, which violate the disciplinary rules adopted by this Court shall constitute misconduct and be grounds for discipline, whether or not the act or omissions occurred in the course of an attorney-client relationship. The Code of Professional Responsibility adopted by the Virginia Supreme Court, as amended from time to time by that court and to the extent not in conflict with federal law, shall be the disciplinary rules of this Court, except as otherwise provided by specific Rule fo the Court after specific consideration of comments by representatives of bar associations within the state.

(2) Contrary to Virginia practice, prior court approval as a condition to the issuance of a subpoena addressed to an attorney in any criminal proceeding, including a grand jury, shall not be required. The propriety of such a subpoena may be considered on a motion to quash.

ENTERED this November 6, 1998.

/s/ Samuel G. Wilson

CHIEF UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 16 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN RE: AMENDMENT TO RULE IV - STANDARDS FOR PROFESSIONAL CONDUCT OF FEDERAL RULES OF DISCIPLINARY ENFORCEMENT

### ORDER

Rule 6(h) of Title I of the Local Rules of the United States District Court for the Western District of Virginia concerning Attorney Discipline makes reference to the Western District's Rules of Disciplinary Enforcement, effective November 4, 1992 and amended November 6, 1998.

Rule IV of the Western District's Rules of Disciplinary Enforcement concerns Standards for Professional Conduct. As amended, that rule makes reference to the Code of Professional Responsibility adopted by the Virginia Supreme Court, which was replaced by the Virginia Rules of Professional Conduct in 2000.

Rule IV concerning Standards for Professional Conduct is amended to remove the reference to the Code of Professional Responsibility in favor of the Virginia Rules of Professional Conduct, as follows:

(B) Acts or omissions by an attorney admitted to practice before this Court, individually or in concert with another person or persons, which violate the disciplinary rules adopted by this Court shall constitute misconduct and be grounds for discipline, whether or not the act or omissions occurred in the course of an attorney-client relationship. The Rules of Professional Conduct adopted by the Virginia Supreme Court, as amended from time to time by that Court and to the extent not in conflict with federal law, shall be the disciplinary rules of this Court, except as otherwise provided by specific Rule of the Court after specific consideration of comments by representatives of bar associations within the Commonwealth of Virginia.

Consistent therewith, paragraph (1) of the Standing Order entered on November 6, 1998 is VACATED. In all other respects, the Standing Order of November 6, 1998 remains effective.

It is so ORDERED.

ENTER: This 16th day of June, 2016

/s/ Glen E. Conrad
Glen E. Conrad
Chief United States District Judge