IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| NATHANIEL DOWNING, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:17-cv-00098 |
| PINE KNOLL CONSTRUCTION CO., | ) |
| and | ) |
| JEFFREY JENKINS, | ) |
| Defendants. | ) |

### PLAINTIFF NATHANIEL DOWNING'S OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR ADMISSION

Plaintiff Nathaniel Downing ("Plaintiff" or "Mr. Downing"), through counsel, objects to Defendants' First Requests for Admissions as follows:

### GENERAL OBJECTIONS

Plaintiff incorporates each of the following general objections into each of his responses to Defendants' Requests for Admission as though fully stated in each response. Plaintiff makes its responses subject to and without waving any of these general objections.

Plaintiff's Responses to Defendants' Requests for Admission are based on the information presently available to Plaintiff and are made without prejudice to Plaintiff's right to use subsequently discovered or developed information. Discovery and pretrial preparation may develop further information affecting these responses. Plaintiff reserves the right to amend or supplement his responses accordingly. By these responses, Plaintiff does not intend to limit its

1

EXHIBIT E

RECEIVED APR 17 2018

use of any additional information or documents it may subsequently obtain during the course of discovery and further investigation of this action.

No incidental or implied admissions are intended by these responses. The fact that Plaintiff answers or objects to any request should not be taken as an admission that Plaintiff accepts or admits the existence of any facts assumed by such request or that such answer or objection constitutes admissible evidence as to any such assumed facts. The fact that Plaintiff responds to part of or all of any request is not intended to be construed as a waiver by Plaintiff of any part of any objection to any request.

Plaintiff objects to each request insofar as it attempts to impose obligations in excess of those authorized by the Local or Federal Rules or attempt to define words or grammatical usages different than standard, accepted usage. Plaintiff will respond to Defendants' Requests for Admission in accordance with Local and Federal Rules and will not provide responses to the extent such responses would exceed the requirements of those Rules and, in responding, will interpret words and usages using standard, accepted usage.

Plaintiff objects to each part of Defendants' Requests for Admissions to the extent that they call for information that is confidential, private, or proprietary, and to the extent that they call for information or material that is protected by the attorney-client privilege, the work product doctrine, or any other privilege recognized by statute, at common law or by the Local Rules. Since the Rules prohibit discovery of such privileged matters, Plaintiff has attempted to interpret each request to call for discoverable matters only.

Finally, the responses set forth herein are made without waiving the following:

a. the right to object on the grounds of competency, privilege, relevancy, materiality, hearsay, authenticity or any other proper ground, to the use of any material produced

herein, for any purpose in whole or in part, in any subsequent proceeding in this action or any other action;

b. the right to object on any and all grounds, at any time, to other requests for admission, interrogatories, document requests or other discovery procedures involving or relating to the subject matter of the requests for admission herein responded to; and

c. the right, at any time, to revise, correct, modify, supplement or clarify any of the responses provided herein.

All of Plaintiff's responses are made subject to the foregoing comments and qualifications, and the foregoing objections apply to all of Defendants' Requests for Admission regardless of whether it is specifically enumerated below.

## OBJECTIONS

**REQUEST NO. 1.**   Admit that you did not testify at Tinia Downing's EEOC Proceeding at the EEOC Field Office in Washington D.C. held on July 26, 2016.

**OBJECTION:**   Plaintiff objects to this request as vague and ambiguous with respect to the term "testify," as it is capable of multiple meanings. Plaintiff is unable to respond to this request as the fact he is being requested to admit is unclear.

**RESPONSE:**   Plaintiff stands on his objection.


**REQUEST NO. 2.**   Admit that your presence at Tinia Downing's EEOC Proceeding at the EEOC Field Office in Washington D.C. held on July 26, 2016 was not requested by the EEOC.

**OBJECTION:**

3

**RESPONSE:** Admit.

**REQUEST NO. 3.** Admit that you did not participate in Tinia Downing's EEOC Proceeding at the EEOC Field Office in Washington D.C. held on July 26, 2016.

**OBJECTION:**

**RESPONSE:** Denied.

**REQUEST NO. 4.** Admit that you were not required to attend Tinia Downing's EEOC Proceeding at the EEOC Field Office in Washington D.C. held on July 26, 2016, and that you did so voluntarily as an observer.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 5.** Admit that you called in sick to Pine Knoll and did not report to work for Pine Knoll on April 12, 2016.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions,

4

DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 6.** Admit that you requested to and did leave work at Pine Knoll early on April 26, 2016 because your mother was sick.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 7.** Admit that you requested to and did leave work at Pine Knoll early and worked 6 hours for Pine Knoll on April 27, 2016.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 8.** Admit that you called in sick to Pine Knoll and did not report to work for Pine Knoll on May 4, 2016 and on that same day you were charged with misdemeanor assault in the Commonwealth of Virginia.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 9.** Admit that May 4, 2016 was a day included in the pay period alleged in Paragraph 31 of their Complaint.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 10.** Admit that you requested the day off from work at Pine Knoll on May 13, 2016 for a doctor's appointment.

**OBJECTION:**

**RESPONSE:** Admit.

6

**REQUEST NO. 11.** Admit that you did not report to work for Pine Knoll on May 18, 2016 and failed to notify Pine Knoll of the same and on that same day you appeared for a hearing on your misdemeanor assault charge in the Winchester General District Court.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 12.** Admit that May 13, 2016 and May 18, 2016 were both days included in the pay period alleged in Paragraph 33 of the Complaint.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 13.** Admit that you requested to and did leave work at Pine Knoll at 4:00pm on May 25, 2016.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through

7

a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 14.** Admit that you left work for Pine Knoll at approximately 7:37am for the day on June 8, 2016 due to illness.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 15.** Admit that you called in sick and did not report to work for Pine Knoll on June 9, 2016.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 16.** Admit that you did not report to work for Pine Knoll on June 10, 2016 due to illness but on that same day you were present at Pine Knoll to pick up your paycheck.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.


**REQUEST NO. 17.** Admit that you did not report to work for Pine Knoll on June 16, 2016 due to a doctor's appointment.

**OBJECTION:**

**RESPONSE:** Admit.


**REQUEST NO. 18.** Admit that June 16, 2016 was a day included in the pay period alleged in Paragraph 34 of the Complaint.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 19.** Admit that you were notified by a text sent by Pine Knoll that you would be unable to work for Pine Knoll on June 17, 2016 due to inclement weather.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 20.** Admit that you were notified by a text sent by Pine Knoll that you would be unable to work for Pine Knoll on July 7, 2016 due to inclement weather.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 21.** Admit that you left work for Pine Knoll early on July 7, 2016 at approximately 11:50 a.m. due to Tinia Downing being in the emergency room.

**OBJECTION:**

**RESPONSE:** Denied.

**REQUEST NO. 22.** Admit that you called in sick to Pine Knoll and did not report to work for Pine Knoll on July 14, 2016.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:**     Plaintiff stands on his objection.


**REQUEST NO. 23.**  Admit that you called in sick to Pine Knoll and did not report to work for Pine Knoll on July 15, 2016.

**OBJECTION:**     Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:**     Plaintiff stands on his objection.


**REQUEST NO. 24.**  Admit that you called in sick to Pine Knoll and did not report to work for Pine Knoll on July 20, 2016 and on that same day you appeared for a hearing on your misdemeanor assault charge in the Winchester District Court.

**OBJECTION:**     Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:**     Plaintiff stands on his objection.

**REQUEST NO. 25.** Admit that you requested and did take a half day off work for Pine Knoll on July 21, 2016 for an MRI.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.


**REQUEST NO. 26.** Admit that you did not report to work for Pine Knoll on July 26, 2016 and failed to notify Pine Knoll of the same.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.


**REQUEST NO. 27.** Admit that for Pine Knoll's pay periods beginning August 27, 2015 and ending September 2, 2015 you worked a total of 30 hours beginning October 8, 2015 and ending October 14, 2015 you worked a total of 37.5 hours, beginning November 1, 2015 and

ending November 18, 2015 you worked a total of 35 hours, beginning December 3, 2015 and ending December 9, 2015 you worked a total of 10 hours, beginning December 18 and ending December 24, 2015 you worked a total of 38.5 hours, beginning December 31, 2015 and ending December January 6, 2016 you worked a total of 0 hours, beginning January 7, 2016 and ending January 13, 2016 you worked a total of 38 hours, beginning February 18, 2016 and ending February 24, 2016 you worked a total of 36 hours, beginning February 25, 2016 and ending March 2, 2016 you worked a total of 28 hours, beginning March 17, 2016 and ending March 23, 2016 you worked a total of 39.5 hours and beginning March 31 and ending April 6, 2016 you worked a total of 38 hours.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 28.** Admit that for Pine Knoll's pay periods beginning May 19, 2016 and ending May 25, 2016 you worked a total of 47 hours, beginning May 26, 2016 and ending June 1, 2016 you worked a total of 46 hours and beginning July 7, 2016 and ending July 13, 2016 you worked a total of 43 hours.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United

States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 29.** Admit that all Pine Knoll employment matters related to Plaintiff, Jenkins' interactions with Plaintiff were executed in his capacity as an officer and owner of Pine Knoll.

**OBJECTION:** Plaintiff objects to this request as incomprehensible. Plaintiff is unable to respond to this request, as it is unclear what fact Plaintiff is being requested to admit.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 30.** Admit Jenkins filed an Emergency Protective Order against you in the Frederick County General District Court on July 26, 2016.

**OBJECTION:** Plaintiff objects to this request as it seeks he admit to a fact pertaining to an event at which Plaintiff was not present and Plaintiff lacks sufficient knowledge to admit or deny.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 31.** Admit Jenkins filed a Preliminary Protective Order against you in the Frederick County General District Court on July 29, 2016.

**OBJECTION:** Plaintiff objects to this request as it seeks he admit to a fact pertaining to an event at which Plaintiff was not present and Plaintiff lacks sufficient knowledge to admit or deny.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 32.** Admit Jenkins filed a Preliminary Protective Order against you in the Frederick County General District Court on August 4, 2016.

**OBJECTION:** Plaintiff objects to this request as it seeks he admit to a fact pertaining to an event at which Plaintiff was not present and Plaintiff lacks sufficient knowledge to admit or deny.

**RESPONSE:** Plaintiff stands on his objection.

**REQUEST NO. 33.** Admit a Protective Order for Jenkins was issued against you in the Frederick County General District Court on August 15, 2016 and expires on August 14, 2018.

**OBJECTION:** Plaintiff objects to the form of this request. In Requests for Admission, each matter must be separately stated. Fed. R. Civ. Pro. 36(a)(2). *See also* United States District Court, W.D. Virginia Requests, Notices and Applications Request for Admissions, DCT KR W.D. Va. 304 ("The party called upon to respond should not be required to go through a document and assume the responsibility of determining what facts it is being requested to admit."). It is unclear from this request which fact Plaintiff is being asked to admit.

**RESPONSE:** Plaintiff stands on his objection.

15

**REQUEST NO. 34.** Admit the documents attached hereto as "Exhibit A" are genuine copies of Pine Knoll payroll documents for you.

**OBJECTION:**

**RESPONSE:**     Admit.

**REQUEST NO. 35.** Admit the documents attached hereto as "Exhibit B" are genuine copies of Pine Knoll timesheet records for you.

**OBJECTION:**

**RESPONSE:**     Admit.

**REQUEST NO. 36.** Admit the document attached as "Exhibit C" is a copy of Traffic/Criminal Case Details for your misdemeanor charge from the Winchester General District Court.

**OBJECTION:**

**RESPONSE:**     Admit.

**REQUEST NO. 37.** Admit the documents attached as "Exhibit D" are genuine copies of documents from the Frederick County General District Court.

**OBJECTION:**     Plaintiff objects to this request as it seeks he verify the genuineness of a document arising from an event at which Plaintiff was not present and Plaintiff lacks sufficient knowledge to admit or deny.

**RESPONSE:**     Plaintiff stands on his objection.

16

**REQUEST NO. 38.** Admit the documents attached as "Exhibit E" are genuine copies of text messages between you and an employee at Pine Knoll.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 39.** Admit the document attached as "Exhibit F" is a true and genuine copy of a Pine Knoll attendance log for you.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 40.** Admit the document attached as "Exhibit G" is a true and genuine copy of posts you made on your Facebook page.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 41.** Admit the document attached as "Exhibit H" is a true and genuine copy of Pine Knoll's Company Policy that you received and executed.

**OBJECTION:**

**RESPONSE:** Admit.

**REQUEST NO. 42.** Admit the document attached as "Exhibit I" is a true and genuine copy of Pine Knoll's Controlled Substance and Alcohol Policy that you received and executed.

**OBJECTION:**

**RESPONSE:**     Admit.


Dated: April 12, 2018                Respectfully Submitted,

By: _____
Joshua Erlich, VA Bar No. 81298
Davia Craumer, VA Bar No. 87426
Katherine L. Herrmann, VA Bar No. 83203
THE ERLICH LAW OFFICE, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
Tel:   (703) 791-9087
Fax:   (703) 722-8114
Email: jerlich@erlichlawoffice.com
       dcraumer@erlichlawoffice.com
       kherrmann@erlichlawoffice.com

*Counsel for Plaintiff*

18

## CERTIFICATE OF SERVICE

I hereby certify that, on April 12, 2018, I served the foregoing via U.S. mail and email, to the following:

Thomas Moore Lawson, Esquire
Virginia Bar No. 28332
Lawson and Silek, P.L.C.
P.O. Box 2740
Winchester, VA 22604
tlawson@lsplc.com

    *Counsel for Defendants*

/s/ K. T. H.

Katherine L. Herrmann (VA Bar No. 83203)
**The Erlich Law Office, PLLC**
2111 Wilson Blvd
Ste 700
Arlington, VA 22201
Tel: (703) 791-9087
Fax: (703) 351-9292
Email: kherrmann@erlichlawoffice.com

*Counsel for Plaintiff*